UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

BYRNE & STORM, P.C.,

                              Plaintiff,

v.

ROY HANDEL and WELDON HOUSE, INC.,

                             Defendants.

**COMPLAINT**

Case No.: 1:12-CV-0716
(GLS/RFT)

---

Plaintiff, by its attorneys Ganz Wolkenbreit & Siegfeld, LLP, for its Complaint against Defendant respectfully shows to the Court and alleges as follows:

### NATURE OF THE ACTION

1. This is a diversity action involving breach of contract and account stated for the provision of legal services.

### PARTIES

2. Plaintiff Byrne & Storm, P.C., is, and at all times hereinafter mentioned was a Connecticut professional corporation with its place of business 750 Main Street, Suite 1500, Hartford, Connecticut 06103.

3. Defendant Roy Handel ("Defendant Handel") is, and at all times hereinafter mentioned was, a citizen of the State of New York with an address at 125 Carrol Road, Cornwallville, NY 12418.

4. Defendant Weldon House, Inc. ("Defendant Weldon House"), is and at all times hereinafter mentioned was a New York corporation with a place of business at 2119 Route 145 East Durham, NY 12423. On information and belief, Defendant Handel or his relatives own and operate Defendant Weldon House.

1

## JURISDICTION

5. This Court has jurisdiction pursuant to 28 USC §1332 because the claim is between citizens of different states and involves an amount in controversy in excess of $75,000.00 exclusive of interest and costs.

6. Venue is proper in the Northern District of New York pursuant to 28 USC §1391 as it is the judicial district in which each Defendant resides, is incorporated, and/or maintains its principal place of business.

## FACTS

7. On or about September 1, 2009, Plaintiff, at the special insistence and request of Defendants, commenced representation of Defendants with respect to Defendants attempts to obtain and operate a motocross facility on property owned by Defendant Weldon House. The agreed upon representation included review and advice of possible claims against persons who filed actions and protests against the proposed motocross operation.

8. The primary attorney responsible for handling and supervising the litigation within Plaintiff's firm was James F. Byrne. Mr. Byrne is licensed to practice law both in the State of Connecticut and the State of New York.

9. Defendants agreed, in connection with such legal representation, to pay Plaintiff for its services rendered through attorneys and appropriate staff personnel at hourly rates provided in a signed writing to Defendants and further agreed to be responsible for ancillary costs incurred in connection with such representation. A copy of the parties' fully executed September 1, 2009 engagement letter is attached hereto as **Exhibit 1**.

10. Immediately thereafter, Plaintiff began its representation of Defendants, and

2

simultaneously began billing for the services rendered at the agreed hourly rate. Plaintiff, in the ordinary course of its business, provided monthly invoices and account statements to Defendant Handel which invoices and statements were received and retained by Defendants without objection either with respect to the quality of services or the amount of the charges for the services performed.

11. On or about June 2010, the unpaid balance due Plaintiff for the legal services rendered, not including any accrued interest, was approximately $201,406.38. The majority of this balance was at least several months overdue.

12. On or about June 21, 2010, due to the large outstanding balance and expanding scope of legal services, Plaintiff and both Defendants executed a letter agreement which, among other things, reduced Plaintiff's hourly rate for its lead attorney, Mr. Byrne, from $350.00 per hour to $300.00 per hour. A copy of the June 21, 2010 letter is attached hereto as **Exhibit 2**.

13. Thereafter, Plaintiff continued performing legal services for Defendants at the agreed upon rates and, in the ordinary course of its business, provided monthly invoices and account statements to both Defendants, which invoices and statements were received and retained by both Defendants without objection either with respect to the quality of services or the amount of the charges for the services performed.

14. On or about June 2011, Plaintiff ceased billing Defendants for legal work. Defendants thereafter received a favorable outcome on the conflict upon which Plaintiff was representing Defendants.

15. After crediting Defendants with all paid retainers and part payments, the current amount outstanding for legal services performed and related expenses incurred in this matter, not

inclusive of interest, is $261,929.66.

16. Despite Plaintiff's written demands for payment, Defendants have failed and refused to pay the account balance in full.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST BOTH DEFENDANTS- BREACH OF CONTRACT

17. Repeats and realleges each and every allegation set forth in paragraphs 1 through 15 as if set forth fully herein.

18. The September 1, 2009 agreement, which was later modified by letter dated June 21, 2010, provided that Plaintiff would represent Defendants at agreed upon rates and submit bills with those fees and any additional costs on a monthly basis. Defendant agreed to pay for such bills within 30 days of receipt.

19. Plaintiff fulfilled its obligations under the terms of the parties' contract by performing good and valuable legal services and submitting its monthly bills to Defendants.

20. At no point in time, did Defendants object to the quality of the legal services or to the amount of the charges.

21. Despite proper demand, Defendants' failure and refusal to pay Plaintiff's bill for outstanding legal fees constitutes a breach of contract entitling Plaintiff to judgment against Defendants in the amount of $261,929.66, plus interest of 1.5% per month for charges over 30 days old, and the reasonable attorneys fees incurred by Plaintiff as a result of collection of the outstanding fees.

22. The requirements of fee arbitration under 22 NYCRR Part 137 are not applicable because the amount in controversy exceeds the claim limits for fee arbitration.

## AS AND FOR A SECOND CAUSE OF ACTION - ACCOUNT STATED

23.     Repeats and realleges each and every allegation set forth in paragraphs 1 through 15 as if set forth fully herein.

24.     Prior to the date of this Summons and Complaint, Plaintiff rendered to the Defendants monthly full and true written accounts of the indebtedness owing by the Defendants for legal services rendered to the Defendants in the amounts set forth above. These account statements were delivered to and accepted for a reasonable period of time without objection by the Defendants resulting in an account stated for the $261,929.66, plus accrued interest as set forth above.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, on its causes of action for breach of contract and account stated, in the sum of $261,929.66, plus interest at the rate of 1.5% per month on each invoice more than 30 days overdue, and reasonably attorneys fees as per the parties contract, together with the costs and disbursements of this action, and such other and further relief as to the Court may seem just and proper.

DATED:     April 26, 2012
           Albany, New York

                                Yours, etc.
                                GANZ, WOLKENBREIT & SIEGFELD, LLP

                                By: _____
                                    Conor E. Brownell
                                    NDNY Bar Roll No. 513716
                                    Attorneys for Plaintiff
                                    One Columbia Circle
                                    Albany, New York 12203
                                    (518) 869-9500
                                    Ceb@gwlaw.com

## VERIFICATION

STATE OF CONNECTICUT        )
                            ) ss: Hartford, Connecticut
COUNTY OF Hartford          )

James F. Byrne, being duly sworn deposes and says:

1. That he is authorized representative of Byrne & Storm, P.C., the professional corporation named in the within entitled action;

2. That he has read the foregoing Summons and Complaint and knows the contents thereof; and

3. That the same is true his own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters he believes it to be true.

Deponent further says that the reason this verification is made by deponent is because the said professional corporation and the grounds of deponent's belief as to all matters in the said Summons and Complaint not stated upon his own knowledge, are investigations which deponent has caused to be made concerning the subject matter of this Summons and Complaint and information acquired by deponent in the course of his duties as an authorized representative of said professional corporation and from the books and papers of said professional corporation.

James F. Byrne, Esq.

Sworn to before me this 26th day of April, 2012.

Notary Public
00063601.WPD

HEATHER L. LANZANO
NOTARY PUBLIC OF CONNECTICUT
My Commission Expires 10/31/2016

6