**CIVIL CASE MANAGEMENT PLAN**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Byrne & Storm, P.C.,

                              Plaintiff,

           v.                                    Case No.:12-00716
Roy Handel and
Weldon House, Inc.,

                              Defendants.

---

**IT IS HEREBY ORDERED that,** Pursuant to Rule 16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable RANDOLPH F. TREECE, United States Magistrate Judge on **September 19, 2012, at 10:30AM** at the United States Courthouse, Room Number 406, at Albany, New York.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below.  That meeting must be attended in person or, if counsel for the parties are not located in the same city and do not agree to meet in person, then by telephone, and must be held at least **twenty-one (21) days** before the schedule Rule 16 Conference.  Following that Rule 26(f) meeting, a report of the results of that meeting, in the format set forth below, must be filed with the clerk within **fourteen (14) days** after the date of the Rule 26(f) meeting or not later than **ten (10) days** prior to the scheduled Rule 16 conference with the Court, whichever date is earlier.  Matters which the Court will discuss at the status conference will include the following: (interest a separate subparagraph as necessary if the parties disagree):

**1) JOINDER OF PARTIES:** Any application to join any person as a party to this action shall be made on or before the____1st____ day of____October____, 2012.

**2) AMENDMENT OF PLEADINGS:** Any application to amend the pleadings to this action shall be made on or before 21 days after completion of depositions.

**3) DISCOVERY:** All discovery in this action shall be completed on or before the ____30th day of April, 2013.  (**Discovery time tale is to be based on the complexity of the action**)

**4) MOTIONS:** All motions, including discovery motions, shall be made on or before the____1st____ day of ____June____, 2013.  (**Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25**)

**5) PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL:** The action will be ready to proceed to trial on or before the ____1st____ day of____July____, 2013.  It is anticipated that the trial will take approximately **2** days to complete.  The parties request that the trial be held in **Albany**, N.Y.  **(The**

**proposed date for the commencement of trial must be within 18 months of the filing date).**

**6) HAVE THE PARTIES FILED A JURY DEMAND: _____ (YES)/ ___√___ (NO).**

**7) DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL THE PARTIES BEEN SERVED?**
**Jurisdiction** -**Yes** - jurisdiction is base on diversity-Plaintiff is a Connecticut Professional Corporation and has its principal place of business in Hartford, CT.  Defendant Weldon House, Inc., is a New York Corporation with its location in Greene County New York, and Defendant Roy Handel is a resident of Greene County, NY,

**Service** -**Yes-** All Defendant's have now been served - Affidavits filed

**8) WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?**
Plaintiff claims $261,929.66 in unpaid legal fees from Plaintiff's representation of both Defendants in various proceedings related to approval of a moto-cross facility on property owned by Defendant. Plaintiff claims a cause of action for breach of contract as well as a cause of action for account stated.  Defendants assert, among other things, that Plaintiff overbilled or inflated the bill spending more time than was necessary to complete the legal work.   This defense also comprises the factual basis for certain counterclaims which Defendants assert.  Other defenses are also presented.

**9) WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?**
While it is generally too early in the process to determine the scope of the genuine disputes the key factual issues appear to be the circumstances surrounding an alleged conversation which Defendants say took place with Plaintiff wherein Plaintiff assured Defendants that certain counterclaims Plaintiff had brought on Defendants behalf would be successful and that Plaintiff would recover the fees billed to Defendant out of this litigation. Defendant also asserts factual issues concerning whether privity of contract exists between the parties and issues concerning the validity of the billing by Plaintiff.

**10) CAN ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?**
Possibly.  Plaintiff believes that at least with respect to the cause of action for account stated, because no objections were made to the bills or services, summary judgment may be appropriate.  Defendant claims that objections were made regarding the bills

**11) WHAT SPECIFIC RELIEF DO THE PARTIES SEEK?  WHAT ARE THE DAMAGES SOUGHT?**
Plaintiff is seeking $261,929.66 in fees, plus accrued interest.  Defendants do not posit a specific amount sought in their counterclaims. Defendant also seeks punitive damages.

**12) DISCOVERY PLAN:**

    **A.  What changes (if any) should be made to the disclosure requirements under Rule 26(a) as well as to the limitations on discovery set forth in the Federal Rules of Civil Procedure, as amended.**

NONE

    **B.  When will the mandatory disclosures required under Rule 26(a) be made, or when were they made?**

Will be made by October 2, 2012

    **C.  Describe the timetable for discovery, identify the subjects to be addressed, state whether discovery should be conducted in phases, and discuss why there are no less costly and time consuming alternative methods available to obtain the same information:**

Oct - Dec- document demands proposed and responded to

Jan-Mar - depositions and follow up document demands

    **D.  What forms of discovery does each party intend to pursue?**

Plaintiff - document demands produced and depositions

Defendants - document demands and depositions

    **E.  Are any protective orders required or requested under Fed. R. Civ. P. 26(c)?**

Not at this time.

**13) IT IS POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE?  IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?**

It is possible that many underlying facts can be stipulated to

The size of damages and proof is simple to present so bifurcation is not needed.

**14) ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?**

No

**15) IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?**

N/A

**16) WHAT ARE THE PROSPECTS FOR SETTLEMENT?  Please circle below the prospect for settlement:**

1-----2-----3-----4-----5-----6-----7-----8-----9-----10
(VERY UNLIKELY)➔➔➔➔➔➔➔➔➔➔(LIKELY)

CANNOT BE EVALUATED PRIOR TO <u>discovery – October 2012 </u>(DATE)

**HOW CAN SETTLEMENT EFFORTS BE ASSISTED?**
<u>                    Not yet sure - may be issue with Defendants financial ability to pay any judgment obtained by Plaintiff                    </u>

**(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)**

**COMPLETE QUESTION 17 ONLY IF YOUR FILING ORDER COVER SHEET WAS CHECKED AS AN ADR TRACK CASE.  THE PROGRAMS LISTED BELOW ARE COURT-ANNEXED AND NON -BINDING.**

**17) IF YOUR CASE WAS SELECTED AS A QUALIFYING CONTRACT, TORT, OR NON-PRISONER CIVIL RIGHTS ACTION, PLEASE SELECT THE PREFERRED ADR METHOD.**

_____X_____   ARBITRATION

_____   MEDIATION

_____X_____   EARLY NEUTRAL EVALUATION

*****************************************************************************

Pursuant to Fed. R. Civ. P. 26(f) a meeting was held on <u>August 24, 2012 </u>at <u>by telephone conference    </u>
_____ and was attended by:                    (Date)          (Place)

<u>Conor E. Brownell          </u>   for Plaintiff(s)

<u>Michael P. Delaney        </u>   for Defendant(s) <u>Roy Handel and Weldon House, Inc.                </u>

At the Rule 16(b) conference, the Court will issue an Order directing the future proceedings in this action.  The parties are advised that failure to comply with this Order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

*Please detach this case management plan form and return the completed form to the Clerk for filing at least ten (10) days in advance of the conference date.*