# EXHIBIT 12

## ATTORNEY WORK PRODUCT: PRIVILEGED AND CONFIDENTIAL

### MEMORANDUM

**TO:** File
**FROM:** James F. Byrne
**DATE:** June 4, 2010
**RE:** **Case History and Status**

---

Patty,

As I told you, this case breaks down into two parts. The first part has to do with removing the balance of the Preliminary Injunction. The second part has to do with disposing of all the claims and counterclaims of the parties in the case. I've outlined in some detail the various material actions that have occurred to date in your case.

Briefly, in order to remove the balance of the Preliminary Injunction, we must be able to show that: (a) we've complied with all applicable laws concerning the construction and operation of the motocross; and (b) the building and operation of the motocross will not constitute a nuisance.

As I told you yesterday, and as outlined below, we feel that we can show that there is not a nuisance. However, we cannot show we are in compliance with all of the applicable laws (i.e., a final written determination by the Army Corps of Engineers ("ACOE") and a general permit from the DEC as to storm water and waste water.) As indicated in XI below, we are prepared to file our Motion without having these approvals to get it on the Court's calendar. We are hopeful that we will receive these approvals shortly and submit them to the Court. Even if we don't have these approvals, we believe that is possible for the Court to rule in our favor based upon various Affidavits from professionals. We also will need the opinion of the SECOR attorney that SECOR review is not necessary. As you know, I have a number of calls and emails into him.

The history of the case is as follows:

I. On May 29, 2009, Plaintiffs filed an Order to Show Cause, seeking a Temporary Restraining Order, alleging: (a) that Defendants Weldon House, Inc. ("Weldon House") and Diamondback Motorcross, Inc. were constructing, and about to operate, a motocross without obtaining required governmental approvals, including review under the New York State Environmental Quality Review Act ("SEQRA"); and (b) that the operation thereof would constitute a nuisance to them. Plaintiffs, claimed that the Town of Durham (the "Town") had a Site Plan Review Law that applied to the motocross use, and therefore SEQRA review was necessary and that Defendant's and the Town's claim that there was a pre-existing use was false. Weldon House filed an answer and

counterclaim for trespass and interference with contract. A hearing occurred in June 2009. Weldon House appeared through Attorney Robert Gagen.

II. On August 13, 2009, Judge Lalor granted a Preliminary Injunction (the "Preliminary Injunction") enjoining (a) the use of off-road vehicles on the property owned by Weldon House (the "Property"); and (b) any construction activity on the Property and ordered a $10,000 undertaking by Plaintiff (the "Bond"). The Preliminary Injunction was to remain in place until such time as Defendants could demonstrate that their intended use of the motocross was in compliance with all applicable local, state and federal statutes and regulations ("All Applicable Laws") and did not create a nuisance.

III. On February 5, 2010, Weldon House moved to modify the Preliminary Injunction. On March 26, 2010 Judge Teresi ordered a modification of the Preliminary Injunction to permit Weldon House to perform maintenance/repair construction activity on the motel/hotel buildings in existence on the Property.

IV. In companion cases: (a) Sam Farella et al v. Town of Durham, Index No. 1 09-1142; and (b) Sam Farella et al v. Greene County Industrial Development Agency ("IDA"), Index No. 10-254, Judge Teresi ordered that: (a) the Town Case be dismissed because the Town had demonstrated that its position that the Site Plan Law did not apply to the proposed motocross use, because such use was pre-existing, and therefore SEQRA review was not implicated; and (b) the IDA proceeding with financial incentives for Weldon House did not require SEQRA review.

V. On March 18, 2010, Weldon House filed a motion with the Court to amend the complaint and add several counterclaims including tortious interference, injurious falsehood, and civil conspiracy, and to increase the Bond to $1,000,000. That motion is still pending.

VI. Also on March 18, 2010, Weldon House filed a Third Party Summons and Complaint against Plaintiffs' and attorney Gerald Bunting including additional counterclaims for tortuous interference, injurious falsehood, and civil conspiracy. In response, Bunting filed a Motion to Dismiss this Third Party action against him on April 26, 2010, and alleged that Weldon House had brought the counterclaims in order to silence their complaint (the "SLAPP Suit").

VII. Weldon House countered Bunting's Motion to Dismiss with an extensive, legal memorandum that systematically opposed each and every claim Bunting made in his Motion to Dismiss and about the SLAPP suit. These various matters and papers are still pending with the court.

VIII. On March 24, 2010, Weldon House received a notice of discovery requesting copies of documents in Weldon House's possession. Weldon House has since responded extensively to these requests and mailed a package to Plaintiffs' attorney.

IX. With respect to VIII, Weldon House has since received an additional discovery request dated May 19, 2010 that supplements the previous request. Weldon House has not yet complied with this request claimed by Bunting for a June 18, 2010 due date.

X. Plaintiffs and Third Party Defendant Bunting have been served with discovery requesting copies of documents and information in their possession. Weldon House has not yet received responses to this request. Plaintiffs have additionally each been served with a notice of deposition with a further demand that each Plaintiff and the Third Party Defendant Bunting produce copies of documents and information in their possession.

XI. We have prepared a memorandum to vacate the Preliminary Injunction. Once vacated, you can construct and operate the motocross. As set forth above, it is intended that we file it without having a written determination by ACOE or general permits from the DEC. We will instead be relying on affidavits from experts as set forth in the memorandum. A copy of the memorandum is attached.

XII. Vacating the Preliminary Injunction does not terminate the case which may go on for some time, possibly more than a year from now and will involve work. The Court has scheduled tight time lines for discovery. In particular:

   A. all bill of particulars/interrogatory answers and discovery demands are to have been served by 05/21/2010;
   B. all bill of particulars/interrogatory answers and discovery responses are to have been served by 06/18/2010;
   C. all depositions are to commence by 06/22/2010 at 9:30 AM and continue from day to day until completed and if a second round is required, they will commence on 07/19/2010 and continue from day to day until completed; and
   D. All disclosure must be completed by 10/29/2010.

Additional dates are listed in the attached Scheduling Order.

We will need to start working on this portion of the case next week if we are going to be properly prepared. At that trial, Weldon House could be ordered to cease and desist should the Court determine that the motocross legally constitutes a nuisance or needs to comply with some law; but this is highly unlikely.

**I need a decision from you and your family on your position. As I told you, unless I start to get paid for past services in a meaningful way, and have an agreed-to payment schedule, I will have to file a motion to withdraw from the case. Whether or not I and/or Gagen withdraw will not end the case. It will continue until all parties agree that it ends. You alone cannot terminate the case.**

**It is important that you let me know your position and we reach an agreement as to payments by June 8, 2010.**

3

## Kim Wood

**From:** Kim Wood on behalf of James Byrne
**Sent:** Monday, August 16, 2010 3:22 PM
**To:** 'Patty Handel'
**Cc:** 'RoyHandelwith'
**Subject:** Weldon House - Issues to be discussed

Patty,

There are a number of things we need to discuss:

1. The appeal of Teresi's decision on the counterclaims — You have told me you don't want to incur the cost. Therefore, I am doing nothing on this.
2. Roy's position on moving forward on Bunting's testimony and Bob Gagen's position on fees. Has he sent you a bill? Where do you stand?
3. Contacting Goldman on Bunting's appeal of Teresi's decision. I don't know the specifics, and he emailed you and me to discuss.
4. Affidavits of Carr and Frey.
5. Payment of fees to me.
6. Most importantly, the approvals by the EDC and ACOE.

Jim

**James F. Byrne, Esq.**
**Byrne & Storm, P.C.**
**750 Main Street, Suite 1500**
**Hartford, CT 06103**
**Ph. 860-525-3700 / Fax 860-525-0287**
**email:** **jfb@byrnestorm.com**

PRIVILEGED AND CONFIDENTIAL: PROTECTED BY ATTORNEY CLIENT AND WORK PRODUCT PRIVILEGES. THE CONTENTS OF THIS DOCUMENT SHOULD BE DISCUSSED ONLY WITH COUNSEL AND NO DISTRIBUTION OR PUBLIC DISCLOSURE SHOULD BE MADE OF THIS DOCUMENT, ITS CONTENTS OR ITS SUBJECT MATTER. IF YOU ARE NOT THE INTENDED RECIPIENT, BE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR DUPLICATION OF THIS INFORMATION IS STRICTLY PROHIBITED. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US BY RETURNED ELECTRONIC COMMUNICATION AND THEN COMPLETELY DELETE THIS DOCUMENT.

8/16/2010

**Heather Lanzano**

---

**From:** Heather Lanzano on behalf of James Byrne
**Sent:** Friday, June 10, 2011 12:31 PM
**To:** 'phandel36@yahoo.com'
**Cc:** James Byrne
**Subject:** The Weldon House

Patty,

I know you don't want to have any further involvement in this. I have tried to call Roy without a success. I need to speak with him about getting some fees, now, on this matter. Although he has decided that he probably will not be going through with the trial, nevertheless there is significant work that needs to be done in order to accomplish the goals we discussed earlier this week. Please have him call me.

Jim

*James F. Byrne, Esq.*
*Byrne & Storm, P.C.*
*750 Main Street, Suite 1500*
*Hartford, CT 06103*
*Ph. 860-525-3700 / Fax 860-525-0287*
*email: jfb@byrnestorm.com*

PRIVILEGED AND CONFIDENTIAL: PROTECTED BY ATTORNEY CLIENT AND WORK PRODUCT PRIVILEGES. THE CONTENTS OF THIS DOCUMENT SHOULD BE DISCUSSED ONLY WITH COUNSEL AND NO DISTRIBUTION OR PUBLIC DISCLOSURE SHOULD BE MADE OF THIS DOCUMENT, ITS CONTENTS OR ITS SUBJECT MATTER. IF YOU ARE NOT THE INTENDED RECIPIENT, BE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR DUPLICATION OF THIS INFORMATION IS STRICTLY PROHIBITED. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US BY RETURNED ELECTRONIC COMMUNICATION AND THEN COMPLETELY DELETE THIS DOCUMENT.

6/10/2011