UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BYRNE & STORM, P.C.,

                            Plaintiff,

                - against -

ROY HANDEL and WELDON HOUSE, INC.,

                          Defendants.

**REPLY IN FURTHER SUPPORT OF DEFENDANTS CROSS MOTION FOR SUMMARY JUDGMENT**
Case No.: 12-00716

MICHAEL P.  DELANEY, being duly sworn, deposes and says:

1.      I am the attorney for the defendants and I make this affidavit in further support of defendants cross motion for summary judgment.

2.      This affidavit will address the points made in the reply affidavit of Attorney Byrne in the same order enumerated.

3.      Defendant Roy Handel has never denied that he signed the retainer agreement with Attorney Byrne.  As set forth in the Affidavit of Patricia Handel (see Patricia Handel's Affidavit ¶ 12), I was retained to represent the defendants on very short notice.  Knowing that Roy Handel was not a corporate officer and that he was the only person to sign the initial retainer, I did initially assert an affirmative defense of lack of privity of contract between the plaintiff and the corporation.  After submitting the answer and upon further review and discussions with my client it became apparent that this affirmative defense would not be supported by the evidence.  Therefore, I properly withdrew the affirmative defense of lack of privity of contract.  Simply stated, why persist in a defense that is not supported by the evidence?  I would put the same question to Attorney Byrne; why persist in a lawsuit against Roy Handel when he is clearly not a proper defendant?

4.      As set forth throughout the affidavit of defendant Roy Handel, he did sign both retainer agreements and he did so on behalf of the corporation.  In Attorney Byrne's first affidavit he goes to great lengths to make it crystal clear that he was at all times representing the corporation and only the

corporation.  His first affidavit is devoid of any reference that he intended to personally hold defendant Roy Handel liable pursuant to the retainer agreements.

5.     There is an outright omission in Attorney Byrne's second affidavit; he does not refute the allegations of both Roy Handel and Patricia Handel that he never had any conversation with either of them regarding a personal guarantee.  (see Roy Handel Affidavit ¶11, see Patricia Handel Affidavit ¶8)

6.     Attorney Byrne's failure to have any discussion with the Handel's regarding the ramifications and legal effect of a personal guarantee in and of itself makes his lawsuit against defendant Roy Handel dismissible.  His failure to have any language in either retainer indicating any type of personal guarantee on behalf of Roy Handel further support defendants motion for dismissal.  He states unequivocally in his first affidavit that it was his intent to bind the corporation.

7.     The only person who has taken a 180° reversal of his position is Attorney Byrne whose first and second affidavit cannot be reconciled.

8.     Attorney Byrne's allegations with regard to the billing for depositions is bewildering at best.  He states that in keeping with his past practice and the practice of many attorney's in similar situations he logged a maximum of eight (8) hours every day despite the fact that the depositions generally ranged between four (4) and five (5) hours.  I have been practicing law since 1989 and can state unequivocally to the Court that I have never billed eight (8) hours for a four (4) or five (5) hour deposition.  Frankly, I am not aware of any attorney's that would do such a thing.  Attorney Byrne claims that he did other work besides conducting the deposition but, his bill does not reflect that, it simply says "depositions".  I believe this Court has reviewed bills submitted by counsel on assigned Federal cases.  If counsel submitted a bill for eight (8) hours for "depositions" that took only four (4) hours I highly doubt the Court would authorize payment for eight (8) hours.

9.     I would direct the Courts attention to Attorney Byrne's bill on the day preceding the first deposition wherein he billed 5.1 hours for "preparation for deposition; phone call to Darrin; email to baker; travel; phone call from Gagen."; the point being that where he prepped for the deposition he billed that time separately. (**Exhibit "A"**)  I would also direct the Courts attention to Attorney Byrne's bill for the final day of depositions where he billed 5.4 hours when Patricia Handel's deposition only took 1 hour and 20 minutes. (**Exhibit "A"**)  This begs the question; what possible prep could Attorney Byrne have been doing after the Patricia Handel deposition had concluded?

10.    Finally, Attorney Byrne claims that he spent time "preparing deposition summaries" (Attorney Byrne's second Affidavit ¶ 3).  Again this begs the question; preparing a deposition summary

for who?  He was the lead Attorney on the file, he was not representing an insurance company.  Who would possibly need a deposition summary and, if there is deposition summaries I have not seen them because I have not been provided with the file on this case.

11.     Regarding Attorney Jacob Studenroth, the plaintiff has still failed to provide an affidavit from him regarding the bill.  Plaintiff has not stated that Attorney Studenroth is not available, only that he no longer works for the plaintiff.

12.     Finally, plaintiff asserts that the countersuit was not filed until the spring of 2010 long after plaintiff had been representing the defendants.  This is simply not true, a verified answer with counterclaims was filed on behalf of the Weldon House on July 30, 2009. (annexed hereto and made a part hereof as **Exhibit "B"** is a copy of said countersuit)

13.     Wherefore I respectfully request that the Court grant the cross motion by defendant Roy Handel for summary judgment plus such other further relief as the Court deems just and proper.

_____
MICHAEL DELANEY

STATE OF NEW YORK}
                              ss:
COUNTY OF ALBANY}

Michael Delaney, having been duly sworn, deposes and says that the foregoing Affidavit is true and correct to the best of his knowledge, information and belief.

SWORN TO and SUBSCRIBED before me on this 2  day of April , 2013.

_____
NOTARY PUBLIC

DARCY L. POPPEY
Notary Public, State of New York
No. 01BE6072265
Qualified in COLUMBIA County
Commission Expires 4/1/20

# EXHIBIT A

# BYRNE & STORM, P.C.

Roy Handel _____ Page   5

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 6/21/2010 | JFB | Preparation for deposition; phone call to Darrin; email to Baker; travel; phone call from Gagen. | 5.10 | 1,530.00 |
| 6/22/2010 | JZS | E-Mail to and from Client regarding  newspaper articles; telephone call from client; review CPLR. | 0.40 | 70.00 |
| | JFB | Depositions. | 8.00 | 2,400.00 |
| 6/23/2010 | JZS | Telephone call to Darin Elsom regarding  affidavit. | 0.10 | 17.50 |
| | JFB | Depositions. | 8.00 | 2,400.00 |
| 6/24/2010 | JZS | E-Mail from client with attached Carr Affidavit; review affidavit; receive and review Elsom correspondence regarding DEC. | 0.30 | 52.50 |
| | JFB | Depositions. | 8.00 | 2,400.00 |
| 6/25/2010 | JZS | Telephone call from JFB. | 0.20 | 35.00 |
| | JFB | Depositions | 5.40 | 1,620.00 |
| 6/28/2010 | JZS | Review of Michele affidavit.  Review decisions and order. | 0.70 | 122.50 |
| | JFB | Work on affidavit for Coen; clean up. | 2.70 | 810.00 |
| 6/29/2010 | JZS | Research "dispositive" motion; draft memo regarding  dispositive. | 3.60 | 630.00 |
| | JZS | Telephone call to Gagen with JFB. | 0.40 | NO CHARGE |
| | JFB | Various research; phone call from Patty; phone calls to/from Gagen, Elsom, Patty; email Gagen. | 2.30 | 690.00 |
| 6/30/2010 | JZS | Telephone call from client. | 0.30 | 52.50 |
| | JFB | E-Mail to Gagen; phone call to Elsom; work on file. | 1.30 | 390.00 |

For professional services rendered          103.30  $25,247.50

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
GREENE COUNTY

SAM FARELLA, DAVID G. POHLE and
ASHA SANGAVI,

                             Plaintiffs,

    -against-

WELDON HOUSE INC., and
DIAMONDBACK MOTORCROSS, INC.,

                          Defendants.

**VERIFIED
ANSWER AND
COUNTERCLAIMS**

Index No. 0843-2009

RJI No. 19-09-4275

     Defendant, Weldon House, Inc., answering the Complaint of the Plaintiffs, respectfully alleges and shows to the Court:

    1.  Denies knowledge or information sufficient to form a belief as to those allegations contained in paragraphs marked and numbered "1", "2", "3", "5", "7", "9", "10", "12", "22", "23", and "24".

    2.  Admits those allegations in paragraphs marked and numbered "4", and so much of paragraph "6" as is contained in the first sentence. Defendant, Weldon House, denies knowledge or information sufficient to form a belief as to the remaining allegations of paragraph "6".

    3.  Defendant Weldon House admits so much of paragraph "8" that alleges that the Weldon House was at one time owned by the Michael J. Quill Irish Cultural and Sports Centre, Inc., but denies knowledge or information sufficient to form a belief as to the remaining allegations of that paragraph.

    4.  Admits so much of paragraph "14" of the Plaintiffs' Complaint that alleges that the Town of Durham adopted a Site Plan Law for the year 2005 but denies knowledge knowledge or information sufficient to form a belief as to the remaining allegations contained in that paragraph.

    5.  Admits so much of paragraph "20" of the Plaintiffs' Complaint that alleges that the Defendant Weldon House did not obtain a permit from the Town of Durham prior to commencing work cutting trees on its own property, but denies the

-1-

remaining allegations of said paragraph.

6.   Admits so much of paragraph "21" of the Plaintiffs' Complaint that alleges that as of the date of the Complaint, Defendant Weldon House had not applied for a SPDES permit but denies that they had any obligation to obtain any permission from the Environmental Protection Administration or that they had any obligation to apply for a mass gathering permit.

7.   Denies each and every other allegation contained in the Plaintiffs' Complaint not previously addressed.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE,

### Defendant alleges:

8.   The action against this answering Defendant is frivolous, having no reasonable basis in law or fact and this Defendant shall request, pursuant to CPLR 8303-A, that the Court award costs and reasonable attorneys fees in the ultimate Judgment in this case.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE,

### Defendant alleges:

9.   The Complaint is frivolous and the Plaintiffs have sustained no actual damages.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE,

### Defendant alleges:

10.   If Weldon House is found to be liable along with the Co-Defendant, it is requested that relative liability be determined and that Judgment over be granted with that determination.   In the event Defendant Weldon House is found to be liable by reason of any act or omission of another Defendant, it is requested that Judgment Over for full indemnity be granted.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE,

### Defendant alleges:

11.   In the event this Defendant is found liable for the damages complained

-2-

of, this Defendant share of liability is fifty percent or less of the total liability assigned to all Defendants, and pursuant to §1601 of the Civil Practice Law and Rules, the liability of this answering Defendant to the Plaintiffs for non-economic loss shall not exceed this Defendant's equitable share determined in accordance with the relative culpability of each Defendant causing or contributing to the total liability for non-economic loss.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE,
Defendant alleges:

12.  The Plaintiffs have failed to name a indispensable party to this lawsuit, the absence of which prevents this Court from adjudicating any claims contained in the Plaintiffs' Complaint.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE,
Defendant alleges:

13.  At all times here and relevant, this answering Defendant acted in good faith and without malice.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE,
Defendant alleges:

14.  Upon information and belief, Plaintiffs economic loss, if any, as specified in §4545 of the CPLR may have been replaced or indemnified in whole or in part from collateral sources and Defendant is entitled to have the Court consider same in determining special damages, if any, sustained by the Plaintiffs.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE,
Defendant alleges:

15.  Plaintiff's Complaint should be barred because of the doctrine of unclean hands since the Complaint seeks equitable relief.

### AS AND FOR A FIRST COUNTERCLAIM,
Defendant alleges:

-3

16.  At all times herein relevant, Defendant Weldon House was the lawful owner of a parcel of real property located on Route 145 in the Town of Durham, Greene County, New York, having as an address of 2119 Route 145, Durham, New York.

17.  At the time Defendant Weldon House purchased said property, the Town of Durham had no zoning law.

18.  Plaintiff, David G. Pohl, is, upon information and belief, the owner of a parcel of real property located at 2066 Route 145, East Durham, New York, that abuts Route 145, a state highway.

19.  Upon information and belief, Plaintiff Sam Farella is the owner and occupant of a certain piece of real property commonly known as 136 Wodard Road, East Durham, New York, that also abuts Route 145, a State Highway.

20.  Upon information and belief, Plaintiff Asha Sangavi, is the owner and occupant of a certain piece of real property commonly known as 2114 Route 145, East Durham, New York, and operates the same in a commercial manner for profit.

21.  Upon information and belief, each of the Plaintiffs derives the source of their drinking water from a drilled well.

22.  Upon information and belief, Plaintiff David G. Pohle resides with attorney Gerald Bunting, the attorney purporting to represent the Plaintiffs herein.

23.  Upon information and belief, Plaintiff David G. Pohle is an employee of the Environmental Protection Administration, being an environmental scientist for Region 2 for eighteen years.

24.  Upon information and belief David G. Pohle, as an employee of the Environmental Protection Administration has used his position to encourage his co-workers to obtain an Administrative Order from the Environmental Protection Administration forcing the Defendant Weldon House to cease and desist its activities, asserting that the Defendant has violated the Clean Water Act and has endangered federal wet lands when, in fact, no such violations have occurred.

25.  Gerald Bunting, as an attorney, has used his position to harass and intimidate both Defendants seeking to invoke the aid and assistance of the New York State Department of Environmental Conservation and the Federal Environmental Protection Agency to achieve a private gain.

ROBERT J. GAGEN   ATTORNEY AT LAW   HUDSON, N. Y. 12534

26.  Plaintiffs have threatened to bring civil process against the Town of Durham in an effort to force the Town of Durham to reverse its decision that no site plan review was required for the actions performed by these Defendants.

27.  The Plaintiff Sam Farella and Asha Sangavi  have actual or constructive knowledge of the Defendant David G. Pohle and his attorney Gerald Bunting are co-inhabitants.

28.  Plaintiffs and their counsel have engaged in a number of civil actions alleging violations of State and Federal Environmental Laws and Town Laws, all for the collateral purpose of stopping Defendants from the lawful operation of a motor cross track.  They have alleged violations of Federal, State and local laws to achieve the collateral goal of preventing a motor cross track on land owned by Defendant Weldon House.

29.  Upon information and belief, Defendant David Pohle and attorney Bunting and one or more persons at the Environmental Protection Agency, Region 2, have improperly utilized laws of the Environmental Protection Administration and its administrative powers to provide a basis for a federal lawsuit against Defendants, when in fact, no such legal or factual basis existed.  These actions were done with the actual or constructive knowledge of the other Plaintiffs.

30.  Defendant Weldon House has been damaged economically by this abuse of civil process engaged by the Plaintiffs and is entitled to compensatory and punitive damages.

### AS AND FOR A SECOND COUNTERCLAIM AGAINST THE PLAINTIFFS,
Defendants allege:

31.  Defendant Weldon House repeats and reiterates paragraphs "16" through "30" of this Counterclaim as though fully set forth herein.

32.  Upon information and belief, between May 15, 2009 and June 1, 2009, the Plaintiff, David Pohle, repeatedly wrongfully and unlawfully trespassed upon Defendant Weldon House premises.  This trespass was performed by Plaintiff Pohle even after Defendant Weldon House posted "No Trespassing" signs upon its property.

-5

33. Defendant Weldon House has been damaged in the sum of One Hundred Thousand Dollars by virtue of said trespass.

### AS AND FOR A THIRD COUNTERCLAIM AGAINST THE PLAINTIFFS,

Defendant alleges:

34. Defendant repeates and reiterates paragraphs "16" through "33" of this Counterclaim as though fully set forth herein.

35. Upon information and belief, the Plaintiffs and their counsel, Attorney Bunting have engaged in a course of conduct specifically aimed at causing Defendant Weldon House economic harm.

36. Plaintiffs and their counsel have contacted numerous federal and state agencies associated with the Defendant Weldon House, threatening and intimidating each of those agencies in an effort to isolate Defendant Weldon House from persons and entities upon which it may depend for the successful operation of its business.

37. Plaintiffs brought an ancillary action seeking to obtain a permanent injunction stopping Weldon House from performing lawful activities upon its properties.

38. At a time when Plaintiffs knew or should have known that the Defendants had permission by the Town of Durham to prepare their property for a motor cross track and at a time when they knew that the same real property had been used for the same purpose in the past and further that the Town had no zoning prohibiting this use, Plaintiffs sought the aid of the Supreme Court and filed with it a number of affidavits containing false and misleading information.

39. Plaintiffs has caused Defendant Weldon House great economic harm.

WHEREFORE, Defendant Weldon House demands judgment as follows:

(a) dismissing the complaint of the Plaintiff with prejudice;

(b) in the event Defendant Weldon House is found liable, Defendant seeks a Judgment that the damages be diminished in proportion to the culpable conduct of the Plaintiffs or of the Co-Defendant;

(c) on Defendant's First Counterclaim, Defendant Weldon House requests compensatory and punitive damages in an amount to be determined, which sum is

ROBERT J. GAGEN    ATTORNEY AT LAW,   HUDSON, N. Y. 12534

in excess of the monetary jurisdiction of all lower courts;

(d)  on Defendant's Second Counterclaim, Defendant demands Judgment against Plaintiff Davit Pohle for the sum of $100,000.00;

(e)  on the Defendant's Third Counterclaim, Defendant Weldon House requests compensatory and punitive damages in an amount to be determined, which sum is in excess of the monetary jurisdiction of all lower courts;

(f)  on all causes of action, Defendant seeks costs and disbursements and attorneys fees as permitted by law.

Dated: July 30, 2009

Yours etc.

*Robert J. Gagen*

ROBERT J. GAGEN
Attorney for defendant
 Weldon House, Inc.
424 Warren Street
Hudson, New York 12534
518-828-5554

TO:   Gerald A. Bunting, Esq.
      Attorney for plaintiffs
       Sam Farella, David G. Pohle
      and Asha Sangavi
      24 West 40th Street, 17th Floor
      New York, NY 10018
      516-532-3135

      Michael P. Delaney, Esq.
      Attorney for defendant
       Diamondback Motorcross, Inc.
      456 New Karner Road
      Albany, NY 12205
      518-456-0271

-7-